## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**VICTOR FILPO**                                                                              **PLAINTIFF**

**VS.**                        **CASE NO. 2:14CV00140 DPM/PSH**

**USA**                                                                                       **DEFENDANT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Victor Filpo ("Filpo"), formerly[1] an inmate at the federal penitentiary at Forrest City, Arkansas, brought this action against the United States of America ("USA") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq.  Filpo alleged in Count 1 a claim for medical malpractice related to diagnosis and treatment of his urological issues.  In Count 2, Filpo alleged a denial of timely dental care.  The undersigned issued Findings and Recommendation to United States District Judge D. P. Marshall Jr. on August 15, 2016, recommending that motions for

---

[1]Filpo is now in federal custody in Berlin, New Hampshire.

summary judgment as to both claims be granted.  Docket entry no. 30.  Filpo filed a response to the recommendation, conceding that the motion for partial summary judgment (which dealt with Count 2) was well founded.  See docket entry no. 31.  He objected to the recommendation that the motion for summary judgment (which dealt with Count 1) be granted.

On September 20, 2016, Judge Marshall adopted the unopposed portion of the recommendation, which dealt with the allegations of denial of timely dental care.  Judge Marshall noted Filpo's submission of a belated response to the motion for summary judgment, and returned the case to the undersigned to make an updated recommendation, taking into account Filpo's response.  See docket entry no. 33.  The original recommendation to grant the motion for summary judgment was based, in part, on Filpo's failure to oppose the USA's version of events as contained in its motion, brief, and statement of facts.  See docket entry nos. 23-25.

**Filpo's Response:**  Filpo's belated response to the USA's motion for summary judgment (the "Response") offers a version of the facts somewhat different than those contained in the complaint.  For example, the complaint alleges that the USA failed to treat Filpo's urological problems beginning on August 26, 2013[2].  The Response alleges the USA neglected to treat him beginning in January 2013.  In addition, Filpo's Response alleges the USA failed to provide him treatment between December 2013 and August 2014, an allegation which is not apparent from the complaint.  These discrepancies do not change the general nature of Filpo's claims, which are that the USA either totally failed to treat his medical ailment or was slow in providing treatment, especially after it engaged the services of a urologist in private practice in  Memphis.  We liberally

---

[2]A liberal reading of the complaint may allege Filpo's urological problems originated "about" May 2013.  See complaint, page 1, paragraph 5.

construe Filpo's allegations, and our decision does not rest on the details of these assertions.

The USA's motion for summary judgment and supporting documents were summarized by the Court in its initial Findings and Recommendation, and will not be repeated again in this recommendation. In summary, however, the motion included an affidavit of an expert witness who opined that the care and treatment provided to Filpo by the USA was within the standard of care. The USA also filed a statement of undisputed material facts which was unopposed by Filpo, and which the Court thus considered as undisputed pursuant to Fed. R. Civ. P. 56(e)(2). Filpo did not respond to the motion, failed to refute the affidavit testimony of the expert, and failed to offer any expert testimony supporting his allegations of medical negligence. See docket entry no. 30.

In his Response, which was filed after the Court submitted its Findings and Recommendations, Filpo concedes that he offers no medical expert to support his claims. Perhaps in explanation, Filpo notes his primary language is Spanish, and his level of education is minimal. He also contends it is prejudicial for the USA to demand that he produce medical expert testimony because he "is in no position to and has no ability to, obtain communication or testimonies from" a medical expert. Docket entry no. 31, pages 4-5.

This case was filed in November 2014. The Court observes Filpo has filed no motion for appointment of a medical expert, nor has he filed a motion for additional time in which to obtain an expert.

**Motion for Summary Judgment:** We now reconsider the USA's motion for summary judgment, taking into account the Response submitted by Filpo.

The standard for the entry of summary judgment, found in Federal Rule of Civil Procedure 56 and recited in our previous Proposed Findings and Recommendation, is unchanged. We have

already noted some changes in the factual allegations of Filpo, and we have already noted these

changes are not determinative.  Importantly, the legal requirement for Filpo to produce expert

testimony to support his complaint remains unchanged.  This legal requirement, as discussed herein,

is determinative.

In Federal Tort Claims Act ("FTCA") actions, the court is required to apply the law of the

state in which the acts complained of occurred.  Since the alleged acts and omissions occurred in

Forrest City, Arkansas, the Arkansas Medical Malpractice Act ("AMMA") must be applied.  See

Ark. Code Ann. § 16-114-206(a).  According to the AMMA,

> (a) In any action for medical injury, when the asserted negligence does not lie within
> the jury's comprehension as a matter of common knowledge, the plaintiff shall have
> the burden of proving:
> (1) By means of expert testimony provided only by a medical care provider of the
> same specialty as the defendant[3], the degree of skill and learning ordinarily possessed
> and used by members of the profession of the medical care provider in good
> standing, engaged in the same type of practice or specialty in the locality in which
> he or she practices or in a similar locality;
> (2) By means of expert testimony provided only by a medical care provider of the
> same specialty as the defendant that the medical care provider failed to act in
> accordance with that standard.

The AMMA requires expert testimony to support Filpo's malpractice claim, and he concedes

he has not produced the testimony.  This failure is fatal, and as a result the USA is entitled to

summary judgment.  Our decision is supported by other decisions of this Court, by decisions of the

Eighth Circuit Court of Appeals, and by the Supreme Court of Arkansas.  When the requisite expert

testimony has not been produced "then the defendant has demonstrated that no genuine issues of

material fact exist for presentation to a jury, and the defendant is entitled to judgment as a matter

---

[3]The Arkansas Supreme Court struck down the portion of the AMMA requiring the expert
testimony be given by a medical care provider of the same specialty as the defendant. *Broussard
v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14.

of law." *Eaton v. United States of America*, 2016 WL 1029485, No. 2:14cv00116, slip op. at 2 (E.D. Ark. March 15, 2016).  *See also Rueben v. United States of America*, 2014 WL 5460574, No. 2:13cv00033 (E.D. Ark. Oct. 27, 2014); *Bellecourt v. United States*, 994 F.2d 427 (8th Cir. 1993); *Robson v. Tinnin*, 322 Ark. 605 (1995); and *Reagan v. City of Piggott*, 305 Ark. 77 (1991).

The AMMA provides a narrow exception to the need for expert testimony – when the alleged negligence lies within a jury's comprehension as a matter of common knowledge.  The medical issues of which Filpo complains, involving the diagnosis and treatment of, and delay in diagnosis and treatment of, prostatis and urological symptoms, are not matters of common knowledge which would obviate the need for expert testimony.  This finding is consistent with the above-cited cases, all of which found the medical conditions were not a matter of common knowledge.  See *Eaton* (need for tooth extraction and delay in treatment); *Rueben* (failure to diagnose cellulitis); *Bellecourt* (failure to diagnose heart attack); *Robson* (failure to diagnose and treat fractured tooth); and *Reagan* (misdiagnosis of appendicitis).  *Cf. Davis v. Kemp*, 252 Ark. 925 (1972) (a surgeon's failure to sterilize his instruments or failure to remove a sponge from an incision before closing it cited as examples of matters of common knowledge).  Filpo's  urological problems are complex medical issues, not matters of common knowledge, and the narrow statutory exception does not remove his burden to provide expert testimony.

Filpo has not specifically requested that the Court appoint him a medical expert.  Had he done so, we find the circumstances would not warrant such an appointment.  First, we note that 28 U.S.C. 1915 does not address or authorize the payment of federal money for witness fees on behalf of an indigent party in civil litigation.  *See, e.g., United States v. Means*, 741 F.2d 1053 (8th Cir. 1984).  The Eighth Circuit in *Means*, however, concluded that a "district court may order the United

States, as a party [to litigation], to advance the fees and expenses of lay and expert witnesses **called by the court**....”  741 F.2d at 1059 (relying on Fed.R.Evid. 614(a) and 706(b), Fed.R.Civ.P. 54(d), and 28 U.S.C. 1920 and 2412)(emphasis added).  In so finding, the Court strongly emphasized that such “discretionary power is to be exercised only under compelling circumstances.”[4]  *Id.*

In a rare instance where the Eighth Circuit exercised its discretion to find an indigent inmate entitled to appointment of a medical expert, the Court noted compelling circumstances supporting the decision.  *See Spann v. Roper*, 453 F.3d 1007 (8th Cir. 2006) (*per curiam*).  In *Spann*, a case filed pursuant to 42 U.S.C. 1983, the defendant nurse left plaintiff unattended in cell for three hours after becoming aware she had administered a medication overdose.  The district court granted summary judgment because the plaintiff failed to offer medical evidence in support of causation.  The Eighth Circuit reversed, finding sufficient evidence supported a finding of deliberate indifference, and finding compelling circumstances existed to support the appointment of a medical expert.  453 F.3d at 1009.

The discretionary appointment of a medical expert was considered by United States District Judges D.P. Marshall Jr. and Kristine G. Baker in the context of the FTCA recently.  *See Rueben v. United States*, Case No. 2:13cv00033-DPM, 2014 WL 5460574 (E.D. Ark. 2014); *Eaton v. United States*, Case No. 2:14cv00116-KGB, 2016 WL 1029485 (E.D. Ark. 2016).  In both cases, the plaintiffs alleged negligent care and delay in treatment resulting in damages.  In both cases, the district courts found that expert medical testimony was required by the AMMA, and that no

---

[4]In *Means*, the United States was the plaintiff, and had initially paid fees for defense pretrial witnesses on several occasions.  At trial, however, the United States refused to pay for defense trial witnesses.  Under the specific circumstances, the court found that fairness “in interactions between citizens and the government” justified the exercise of its discretion.  *Id.*

compelling circumstances existed to justify appointment of an expert.

The facts in Filpo's case are distinguishable from *Means* and *Spann*, and much more similar to the facts of *Reuben* and *Eaton*. Filpo was treated on numerous occasions at Forrest City, and was sent to an outside specialist on 3 occasions for his urological issues, as set forth in greater detail in this Court's Proposed Findings and Recommendation filed August 15, 2016. Docket entry no. 30. The medical records produced by the United States, including those of the specialist, do not document a condition requiring emergent treatment. In fact, in the last visit Filpo had with the specialist, it was recommended that he return for follow up in six months. Docket entry no. 30, page 7. Filpo was transferred to FCI-Berlin before he saw his specialist again, and upon arrival at his new institution, he did not complain of urological problems. Docket entry no. 30, page 8. These facts do not present the compelling circumstances necessary to justify appointment of an expert.[5]

In summary, Filpo alleges negligence by the medical providers in an area which is beyond the common knowledge of a juror. The AMMA requires Filpo to provide an affidavit or declaration of an expert to support his claim. He has not complied with this requirement. Compelling circumstances do not exist which would justify the appointment of an expert. As a result, we recommend USA's motion for summary judgment be granted.

---

[5]The Court is mindful that Filpo has faced challenges proceeding pro se in this matter because of his limited mastery of the English language and lack of education. In fact, the Court granted Filpo additional time to respond to the motion for partial summary judgment in this matter on two occasions. The Court also notes that there is no evidence that Filpo was denied law library access or was prevented from seeking assistance from other inmates to ensure he had meaningful access to the courts.

IT IS SO ORDERED this 31st day of October, 2016.


_____
UNITED STATES MAGISTRATE JUDGE